IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE M. MICHAEL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-03093 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is plaintiff Stephanie M. Michael's ("plaintiff") motion for new trial. Dkt. 24. Plaintiff's motion raises two basic challenges: (1) the court erred in finding a lack of subject-matter jurisdiction to review the Department of Veterans Affairs's ("VA") benefits determinations in her case; and (2) the court should declare certain veterans-related legislation and regulations facially unconstitutional. *Id.*

Plaintiff's first challenge lacks merit because when a plaintiff seeks review of benefits decisions, even if constitutional issues are raised, the plaintiff's claim may not proceed in a federal district court, including the Southern District of Texas. *See Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) (holding that a district court may not hear constitutional claims "if they are based on the VA's actions in a particular case"); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms"). Regarding her second issue, plaintiff correctly states that a facial constitutional attack of veterans legislation may be heard in a district court, *Zuspann*, 60 F.3d at 1159, but plaintiff's argument has been waived. The court has re-reviewed plaintiff's original complaint in light of her new contention, but even a generous reading of her

claims does not reveal a facial constitutional attack on veterans-related legislation or regulations. Dkt. 1.  The court thus construes her proposed new claim as a motion for leave to amend her complaint.  However, although plaintiff is not represented by counsel in this case, the court will not grant leave to amend because plaintiff has not established any reason for her delay in asserting this claim after rendition of judgment.  *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995) ("We have consistently recognized undue delay as justifying denial of leave to amend, . . . particularly where leave to amend is sought to raise new matters after the trial court has ruled on the merits or entered judgment.").[1]

Accordingly, because the two grounds presented in plaintiff's motion are without merit, plaintiff's motion for new trial (Dkt. 24) is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on February 28, 2013.

_____
Gray H. Miller
United States District Judge

---

[1] While the court generally affords leniency to litigants who appear without counsel, the right of self-representation "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (proceeding without counsel does not exempt a litigant from summary judgment evidentiary requirements).